IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW S. HEINRICH,

        Plaintiff(s),                          09cv0524

                                                **ELECTRONICALLY FILED**

    v.

SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL &
CEMETERY PURCHASING COOPERATIVE,
INC. d/b/a SCI MANAGEMENT
CORPORATION, SCI PENNSYLVANIA
FUNERAL SERVICES, INC.,

        Defendant(s).

**<u>Memorandum Order</u>**

**I.**     **Introduction**

       This is an action for discrimination and retaliation.  Plaintiff alleges his rights under the

Family and Medical Leave Act were violated when defendants refused to re-hire him for an open

position in retaliation for his previous FMLA-protected leave.  29 U.S.C. § 2615(a)(2).

       Plaintiff previously filed a lawsuit before this Court against defendant Service

Corporation International (SCI) (Civil Action No. 08-1628) and then filed an Amended

Complaint in that action against SCI and SCI Funeral and Cemetery Purchasing Cooperative

(SFCPC).  After the initial case management conference and motions to dismiss were filed in 08-

cv-1628, plaintiff dismissed SCI and SFCPC as defendants and pursued the action against only

SCI Ohio Funeral Services, Inc. (SCI Ohio).  On April 30, 2009, plaintiff initiated suit once again

by bringing a new complaint with claims against SCI Pennsylvania Funeral Services, Inc. (SCI

Pennsylvania) as well as SCI and SFCPC, alleging that SCI and SFCPC, who are the parent

corporations and whose principal places of business are in Houston, Texas, are the "employers"

under 29 U.S.C. § 2611(4), and that SCI Pennsylvania is a wholly-owned subsidiary of SCI, and is also an "employer" under 29 U.S.C. § 2611(4) .  According to plaintiff's complaint, defendants SCI, SFCPC, and SCI Pennsylvania are a "single employer" of Heinrich.

Pending before this Court is a motion to dismiss filed on behalf of defendant SCI and SFCPC (doc. no. 8) for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  After careful consideration, the Court will GRANT defendants' motion to dismiss (doc. no. 8) and will dismiss the claims against SCI and SFCPC.[1]

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows a party challenging jurisdiction over the person to file a motion to dismiss.  The United States Court of Appeals for the Third Circuit requires that once a defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), plaintiff bears the burden to demonstrate by a preponderance of evidence that personal jurisdiction exists.  *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir. 1992); *Stevens v. Meaut*, 264 F.Supp. 2d 226, 229 (E.D. Pa. 2003)(plaintiff must demonstrate prima facie case of personal jurisdiction based upon more than general averments in bare pleadings). Where, as here, the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction,"  *Metcalfe v. Renaissance Marine, Inc*. 566 F.3d 324, 330 (3d Cir. 2009) and it is well-established that in deciding a motion to dismiss, the Court must accept the plaintiff's allegations as true.  *Id*. at 330 (citations omitted).

In *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3d Cir. 2007), the United

---

[1]While the motion to dismiss was pending at civil action no. 09-524, the parties filed a joint motion to consolidate the instant case with civil action no. 08-1628, which this Court granted.  Upon the filing of this order, the docket at civil action no. 09-524 will be closed.

States Court of Appeals for the Third Circuit aptly set forth the applicable standard or review

when a defendant challenges whether a district court has personal jurisdiction over a non-resident

defendant, as follows:

> Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises
> personal jurisdiction according to the law of the state where it sits. See
> Fed.R.Civ.P. 4(k)(1)(A). . . . [The Pennsylvania Long Arm Statute] provides
> for jurisdiction "based on the most minimum contact with th[e]
> Commonwealth allowed under the Constitution of the United States." 42 Pa.
> Cons.Stat. Ann. § 5322(b); see *Mellon Bank (East) PSFS, Nat'l Ass'n v.
> Farino*, 960 F.2d 1217, 1221 (3d Cir.1992). Accordingly, in determining
> whether personal jurisdiction exists, we ask whether, under the Due Process
> Clause, the defendant has "certain minimum contacts with ... [Pennsylvania]
> such that the maintenance of the suit does not offend traditional notions of fair
> play and substantial justice." See *Int'l Shoe Co. v. Washington*, 326 U.S. 310,
> 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation omitted).
>
> The two types of personal jurisdiction are general jurisdiction and specific
> jurisdiction. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.
> 408, 414-15 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) . . .
>
> The inquiry as to whether specific jurisdiction exists has three parts. First, the
> defendant must have "purposefully directed [its] activities" at the forum.
> *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85
> L.Ed.2d 528 (1985) (quotation marks omitted). Second, the litigation must
> "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S.
> at 414, 104 S.Ct. 1868; *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553,
> 1559 (3d Cir.1994). And third, if the prior two requirements are met, a court
> may consider whether the exercise of jurisdiction otherwise "comport[s] with
> 'fair play and substantial justice.' " *Burger King*, 471 U.S. at 476, 105 S.Ct.
> 2174 (quoting *Int'l Shoe*, 326 U.S. at 320, 66 S.Ct. 154).
>
> At the threshold, the defendant must have "purposefully avail[ed] itself of the
> privilege of conducting activities within the forum." *Hanson v. Denckla*, 357
> U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Physical entrance is not
> required. See *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174; *Grand Entm't
> Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir.1993) ("Mail
> and telephone communications sent by the defendant into the forum may count
> toward the minimum contacts that support jurisdiction."). But what is
> necessary is a deliberate targeting of the forum. Thus, the "unilateral activity of
> those who claim some relationship with a nonresident defendant" is

insufficient. See *Hanson*, 357 U.S. at 253, 78 S.Ct. 1228. And contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself. See *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542-43 (3d Cir.1985).

Although not addressed in *Sandy Lane Hotel*, general jurisdiction arises over a defendant when the defendant's activities within the forum state are both "continuous and systematic." *General Elec. Co. v. Deutz Ag*, 270 F.3d 144, 150 (3d Cir.2001) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984).

A foreign corporation is not subject to a forum state's jurisdiction merely because it owns stock in a subsidiary doing business within the state. *Gaul v. Zep Mfg. Co.,* 2004 WL 1171210 (E.D. Pa. 2004) citing *Ames v. Whitman's Chocolates*, No. 91-3271, 1991 WL 281798, at *3 (E.D.Pa. Dec.30, 1991). "Stated differently, [a] parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context." *Action Mfg. Co., Inc. v. Simon Wrecking Co.*, 375 F.Supp. 2d 411, 420 (E.D. Pa. 2005).

General jurisdiction does exist when the parent corporation exercises such a degree of control that (1) the subsidiary is its alter ego or agent; (2) the subsidiary is its mere instrumentality; or (3) the corporations function as one integrated enterprise. *Gaul,* 2004 WL 1171210, citing *Ames*; *Lucas v. Gulf and Western Indus., Inc.*, 666 F.2d 800 (3d Cir.1981).

### III.    Discussion

#### A.    Specific Jurisdiction

The factual allegations set forth in the Complaint do not demonstrate that either SCI or SFCPC are subject to specific jurisdiction.  The events in the Complaint occurred while plaintiff

was applying for a job at Sylvania Hills Memorial Park in Rochester, Pennsylvania.  Complaint, ¶ 3.  SCI Pennsylvania owns and operates Sylvania Hills Memorial Park.  Complaint, ¶ 9.  Plaintiff does not allege any specific actions by an employee of SCI that occurred in Pennyslvania.  Rather, according to the affidavit filed on behalf of defendants, SCI is a holding company without any employees and it has no offices in Pennsylvania.

While SCI owns the stock of SCI Pennsylvania, this fact does not subject it to specific personal jurisdiction based on the alleged actions of SCI Pennsylvania's employees.  See. e.g. *Gaul v. Zep Mtg. Co*., 2004 WL 1171210 (E.D. Pa. May 26, 2004)(holding that parent company was not subject to personal jurisdiction in the forum based on actions by subsidiary merely because it owned the stock of the subsidiary and issued plaintiff her paychecks and W-2 forms).

Similarly, plaintiff does not allege any actions by anyone at SFCPC that occurred in Pennyslvania.  Rather, plaintiff's sole allegation in support of its claims against SFCPC was that someone at SFCPC marked plaintiff's file as ineligible for rehire on or about February 19, 2007 when he was terminated from his position at SCI Ohio in Akron, Ohio.  Complaint, ¶ 14-15.  Taking plaintiff's allegations as true that someone at SFCPC actually was responsible for marking plaintiff's personnel file, these actions could not have occurred in Pennsylvania.

Plaintiff has not alleged any facts to demonstrate that SFCPC "expressly aimed" its conduct at Pennsylvania; rather, at most, plaintiff's best argument is that the effects of this decision took place in Pennsylvania, but this is not sufficient to establish specific jurisdiction in Pennsylvania.

**B.    General Jurisdiction**

The factual allegations in the complaint and the documentary evidence attached by

plaintiff in his response to the motion to dismiss do not demonstrate that either SCI or SFCPC had a "continuous and systematic presence" in Pennsylvania, as is necessary for general jurisdiction to attach in Pennsylvania.  SCI is a holding company without any employees that is incorporated and with its principal place of business in Texas.  (Doc. No. 9-2).

Plaintiff alleges in his complaint, as he did in the previous lawsuit, that "SCI . . . operates seventeen funeral homes and seventeen cemeteries in Pennsylvania," Complaint at ¶ 4.  Plaintiff allegedly found this information in SCI's 10-K Statement.  However, the Glossary of SCI's 10-K Statement specifically states that "[as used herein, 'SCI' . . . refers] to Service Corporation and companies owned directly or indirectly by Services Corporation International."  (Doc. No. 9-4). Therefore, the statement in SCI's 10-K about operation of funeral homes in Pennsylvania can not provide general jurisdiction over SCI in Pennsylvania.  *Cf. Action Mtg. v. Simon Wrecking Co.*, 375 F.Supp. 2d 411, 424 (E.D. Pa. 2005)(holding that where SEC filing for holding company listed the president of the Pennsylvania subsidiary, but stated that it contained information on the holding company and its principle subsidiaries, this was not sufficient for general jurisdiction over the holding company).

Plaintiff appears to argue in support of his claim for personal jurisdiction over SCI and SFCPC that the Court should pierce the corporate veil and find general jurisdiction based upon the parent corporations' exercise of control over the subsidiary.[2]

Plaintiff has submitted information from the employee handbook which bear the logo of

---

[2]Although plaintiff argues that all three employers should be treated as a "single employer" for purposes of establishing jurisdiction, citing *Nesbit v. Gear Unlimited, Inc*. 347 F.3d 72, 86 (3d Cir. 2003) in support thereof, the Court finds that case to be inapplicable because that case did not involve personal jurisdictional issues.

only one company - - SCI, and his 401(k) retirement plan was provided by defendant SCI Further, when plaintiff was transferred from defendant SCI Pennsylvania to SCI Ohio Funeral Services, Inc, he retained the same handbook and carried his seniority with him, and defendants' corporate correspondence (email address, business cards, letter heads) is issued on SCI letterhead.

As to SFCPC, plaintiff alleges that its sole function is to provide human resource and legal services to SCI affiliates and subsidiaries, including employee training.  According to plaintiff, SFCPC serves all of the affiliates/subsidiaries "legal and human resource needs," and given the common marketing efforts of all defendants, defendants SCI Pennsylvania and SFCPC are "merely shells for the parents corporation, SCI"

This Court finds that plaintiff has not demonstrated that SCI Pennsylvania and SFCPC were merely sham entities or mere instrumentalities of the parent, SCI, just because they used a common trademark/logo on correspondence, a common employee handbook for all affiliates, and because SFCPC provides human resources services to SCI Pennsylvania.

At least three other decisions of the United States District Court for the Eastern District of Pennsylvania, are factually analogous to the present case, and in all three cases, the Court held that it would not exercise jurisdiction over the corporate parent.[3]

---

[3]Although this Court's research has revealed no bright line rule or specific test for determining whether a subsidiary acts as the alter ego of the parent company for purposes of establishing general jurisdiction over the parent, the Eastern District of Pennsylvania has set forth ten factors to determine whether activities of a subsidiary could be construed as activities of the parent:(1) ownership of all or most of the stock of the subsidiary; (2) common officers and directors; (3) a common marketing image; (4) common use of a trademark or logo; (5) common use of employees; (6) an integrated sales system; (7) interchange of managerial and supervisory personnel; (8) performance of business functions by the subsidiary which the principal corporation would normally conduct through its own agents or departments; (9) marketing by the

In *Napolitano v. Town Sports Int'l Holdings, Inc.*, 07-755 2007 WL 1521217 at *2 -*3 fn. 1 (E.D. Pa. May 23 2007), the Court held that it would not exercise general jurisdiction over a corporate parent where the subsidiaries and the parent used common logos, and the parent was the owner of the stock of the subsidiary.

In *Action Mfg. Co. Inc. v. Simon Wrecking Co.,* 375 F.Supp. 2d 411 (E.D. Pa. 2005), the Court held that where an entity providing human resources to Pennsylvania was paid for those services, this did not warrant a finding that one entity was the alter ego of the other.

And finally, in *Ames v. Whitman's Chocolates, Div. Of Pet Inc.*, No. 91-3271, 1991 WL 281798, at *5-*6 (E.D. Pa. December 31, 1991), after analyzing numerous factors to determine whether the parent company was an alter ego or whether the subsidiary was a mere instrumentality of the parent company, the Court held that general jurisdiction could not be imputed to parent corporation where (among other things) numerous employees of the subsidiary participated in a parent stock ownership plan.

## IV.    Conclusion

The Court finds that plaintiff has not met his burden to establish personal jurisdiction over SCI and SFCPC, and therefore the claims against SCI and SFCPC are DISMISSED for lack of personal jurisdiction.  The case shall proceed as consolidated with civil action no. 08-1628, with SCI Pennsylvania and SCI Ohio Funeral Services, Inc., as the only remaining defendants.

---

subsidiary on behalf of the principal corporation, or as the principal's exclusive distributor; and (10) receipt by the officers of the subsidiary corporation of instruction from the principal corporation.  *Simone v. Bombardier-Rotax GhbH*, 360 F.Supp.2d 655, 675 (E.D. Pa. 2005)   The Court finds that, at best, only factors three (3), four (4), and nine (9) apply to this case.

8

Defendants' motion to dismiss (doc. no. 8) is GRANTED.  The Clerk shall mark this docket

closed.

SO ORDERED this 22nd day of July, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties